**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM E. NEUSTETER,

Plaintiff - Appellant,

v.

J. COSSOBONE, Officer; JUDY
LUNDY; LARRY REID; DAN
SCHLESINGER; KAREN COOPER;
CATHY SLACK; MAJOR SCHUH;
SERGEANT MCCALL, individually
and in their official capacities,

Defendants - Appellees.

No. 02-1154
(D.C. No. 01-M-1141)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

William Neusteter, a Colorado state prisoner appearing *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Defendant Officer Cossobone filed a disciplinary charge against Neusteter after observing him spit on another inmate's cell window. A disciplinary hearing was conducted several days later, at which the hearing officer found that Neusteter had spit on the cell window. As a result, Neusteter was terminated from the progressive reintegration opportunity (PRO) unit, transferred, and placed on restricted privileges status. As a result of his restricted status, Neusteter was allowed only two books in his cell at a time.

In his amended complaint,[1] Neusteter first makes the conclusory allegation that defendants Lundy, Reid, and Slack placed him on restricted status and transferred him out of the PRO unit in retaliation for his refusal to admit he had spit on the cell window. We agree the asserted facts demonstrate that Neusteter was transferred and placed on restricted status as a sanction for the disciplinary charge and that the district court properly dismissed this claim pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim. Neusteter next complains that defendants Cossobone, Schlesinger, Cooper, and Slack denied him

_____

[1] Prior to service of process, the district court ordered Neusteter to file an amended complaint because his original complaint consisted only of vague and conclusory allegations and failed to provide sufficient factual information. Neusteter then filed an amended complaint.

-2-

due process. The district court properly dismissed this claim as frivolous under § 1915A(b) as well. The evidence in the record submitted by Neusteter demonstrates that, contrary to his allegations, he was afforded notice of the disciplinary hearings and an opportunity to present evidence in his favor and to rebut the charges against him.

Finally, Neusteter claims that defendants Schuh and McCall violated his right to freely exercise his religion. He claims he was denied all religious materials for two days while in a holding cell prior to his transfer. Neusteter fails, however, to allege that these or any named defendants had any involvement with the withholding or disposition of property while Neusteter was in a holding cell. He also complains that, after his transfer, these defendants denied him access to the "Code of Jewish Law" as a result of his restricted privileges status, under which he was allowed to keep only two books in his cell.

The limitation on personal property applies in a neutral manner and does not specify which books may be kept. The undisputed evidence demonstrates that Neusteter was allowed to choose the two books he would keep, but chose not to keep the "Code of Jewish Law," and was allowed to exchange his books, but never requested an exchange. The policy does not restrict Neusteter's use of the general prison library or chaplain's library. Additionally, the defendants presented undisputed evidence that Neusteter may submit a request that the library

-3-

purchase a book if it is not available from these libraries. These undisputed facts demonstrate that the defendants' actions were reasonably related to legitimate penological interests, and did not substantially burden the free exercise of Neusteter's religion. *See Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989) ("The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden."); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that prison policies which infringe on inmates' constitutional rights are valid if they are reasonably related to a legitimate penological goal). Accordingly, the district court correctly granted summary judgment on this claim.

Neusteter contends the district court erred in denying him leave to file a third amended complaint. Neusteter sought leave to amend after defendants Schuh and McCall filed their motion for summary judgment. The district court denied leave to amend because it was untimely under the circumstances. "[U]ndue delay is sufficient reason to deny" leave to amend. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998). The district court had already allowed one amended complaint, and we conclude that it did not abuse its discretion in refusing to allow a second amendment. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 596 n.9 (10th Cir. 1994).

The judgment of the United States District Court for the District of

Colorado is AFFIRMED.

                                                Entered for the Court

                                                Monroe G. McKay
                                                Circuit Judge